# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD CROCHET** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3461** |
| **17ᵀᴴ JUDICIAL DISTRICT COURT** | **SECTION: "J"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Donald Crochet, is a state prisoner incarcerated at the Lafourche Parish Correctional Complex, in Thibodaux, Louisiana. On October 27, 2015, Crochet was charged by bill of information in the Parish of Lafourche with fifty counts of pornography involving juveniles in violation of La. Rev. Stat. § 14:81.[1] On August 17, 2017, the State filed an amended bill of information to include a charge of possession with intent to distribute marijuana in violation of La. Rev. Stat. § 40:966.[2] On May, 24, 2018, Crochet was convicted on all charges.[3] On October

---

[1] State Rec. Vol. 1 of 7, Bill of Information, 10/27/15.
[2] State Rec., Vol. 1 of 7, Amended Bill of Information, 8/17/17.
[3] State Rec., Vol. 3 of 7, Trial Minutes, 5/24/18; State Rec., Vol. 2 of 7, Verdicts, 5/24/18; State Rec., Vol. 3 of 7, Verdicts (con't), 5/24/18; State Rec., Vol. 6 of 7, Trial Transcript, 5/24/18; State Rec., Vol. 7 of 7, Trial Transcript (con't), 5/24/18.

11, 2018, the trial court sentenced Crochet to five years imprisonment as to each count of pornography involving juveniles, and ten years as to the count of possession with the intent to distribute marijuana, each sentence to run concurrently with one another, for a total sentence of fifteen years imprisonment to be served at hard labor without the benefit of parole or suspension of sentence.[4]

On direct appeal, Crochet's appointed counsel raised two issues: (1) insufficient evidence supported his conviction for possession with intent to distribute marijuana; and that (2) patent error on the face of the record required amendment of the commitment order.[5] On November 15, 2019, the Louisiana First Circuit affirmed Crochet's convictions and sentences.[6] Crochet did not seek writs from the Louisiana Supreme Court.

On October 2, 2020, Crochet filed an application for post-conviction relief alleging that insufficient evidence supported his convictions.[7] The State filed a response claiming that the sufficiency of the evidence claim related to the pornography convictions was procedurally barred pursuant to La. Code Crim. P. art. 930.4(C), and his claim of insufficient evidence to convict him of possession with intent to distribute marijuana was fully litigated on appeal and therefore procedurally barred pursuant to La. Code Crim. P. art. 930.4(A).[8] On November 12, 2020, the state district court sustained the State's objections and dismissed Crochet's application for post-conviction relief.[9]

Crochet did not file a writ application with the Louisiana First Circuit Court of Appeal. Rather, Crochet wrote several letters to the Louisiana Supreme Court in which he raised claims of

---

[4] State. Rec. Vol. 2 of 7, Sentencing Minutes, 10/11/18; State Rec. Vol. 7 of 7, Sentencing Transcript, 10/11/18.
[5] State Rec., Supp. Vol. 1 of 2, Appeal Brief, 2019-KA-0195, 3/11/19.
[6] State v. Crochet, No. 2019 KA 0195, 2019 WL 6045348 (La. App. 1st Cir. Nov. 15, 2019); State Rec. Vol. 7 of 7.
[7] State Rec. Vol. 7 of 7, Uniform Application for Post-Conviction Relief, 10/2/20.
[8] State Rec. Vol. 7 of 7, Procedural Objections, 11/6/20; Memorandum in Support of Procedural Objections, 11/6/20.
[9] State Rec. Vol. 7 of 7, Judgment, 11/12/20.

ineffective assistance of counsel.[10] On March 9, 2021, the Louisiana Supreme Court, construed the letters as a writ application, but did not consider the application, finding that he had not "demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review." La. S. Ct. R. X § 5(b).[11] On September 27, 2021, the Louisiana Supreme Court refused to consider Crochet's request for reconsideration, citing La. S. Ct. R. IX § 6.[12]

It appears that, in the interim, Crochet filed a writ application with the Louisiana First Circuit.[13] On July 30, 2021, the Louisiana First Circuit held:

> **WRIT DENIED ON THE SHOWING MADE.** Relator failed to include a copy of the motion filed with the district court, the district court's ruling on the motion, a copy of the bill of information, the commitment order, all pertinent minute entries and/or transcripts, and any other portions of the district court record that might support the claims raised in the writ application. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. In the event relator elects to file a new application with this court, the application must be filed on or before September 27, 2021. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.
>
> Furthermore, relator's claims appear to be in the nature of postconviction relief. Any claims relator has regarding his conviction itself should be raised in a properly filed application for postconviction relief. See La. Code Crim. P. art. 924, et seq.[14]

Prior to the Louisiana First Circuit's denial of his writ application, Crochet filed a writ application with the Louisiana Supreme Court generally attacking the evidence against him and claiming that the State withheld evidence and that the police committed perjury.[15] On January 12, 2022, the Louisiana Supreme Court denied Crochet's writ application, finding "Petitioner has not

---

[10] State Rec. Supp. Vol. 1 of 2, Letter, 2021-KH-00122, postmarked 8/18/20.
[11] State v. Crochet, 312 So. 3d 268 (La. 2021); State Rec. Supp. Vol 1 of 2.
[12] State v. Crochet, 323 So. 3d 868 (La. 2021).
[13] The writ application is not included in the record.
[14] State v. Crochet, No. 2021 KW 0659, 2021 WL 3260830 (La. App. 1st Cir. July 30, 2021); State Rec. Supp. Vol 2 of 2.
[15] State Rec. Supp. Vol. 2 of 2, Writ Application, 21 KH 1249, postmarked 7/19/21.

demonstrated that he sought review in the court(s) below before filing in this Court nor shown the "extraordinary circumstances" that would justify bypassing that level of review.  See La.S.Ct.R. X § 5(b).[16]

Crochet filed another writ application with the Louisiana First Circuit.[17]  On December 30, 2021, the Louisiana First Circuit denied the application finding:

> This court is limited to review of lower court rulings or the failure of the lower court to act on a properly filed pleading.  The claims presented in the writ application are in the nature of a request for postconviction relief, yet relator failed to include a copy of an application for postconviction relief, the State's answer, and the district court's ruling thereon.  Before seeking review with this court, relator should first seek relief in the district court, and he must use the uniform application for postconviction relief approved by the Louisiana Supreme Court.  See La. Code Crim. P. art. 926(D).  In the event relator receives an adverse ruling in the district court and elects to file a new writ application, relator does not have to refile the trial transcript with this court.[18]

On December 7, 2020, Crochet filed the instant federal application seeking habeas corpus relief raising the following claims: (1) insufficient evidence; (2) a Brady violation occurred when the State failed to present the testimony of the confidential informant; (3) the Miranda warning given by Deputy Clay Blanchard was invalid; and (4) ineffective assistance of counsel.[19]  The State has filed a response conceding that the application is timely.  The State claims that Crochet did not properly exhaust all of his claims.[20]  Crochet did not file a reply brief.

---

[16] State v. Crochet, 330 So3d 626 (La. 2022); State Rec. Supp. Vol. 2 of 2.
[17] This writ application is not included in the record.
[18] State v. Crochet, No. 2021 KW 1392, 2021 WL 6331499 (La. App. 1st Cir. Dec. 30, 2021.
[19] Rec. Doc. 6. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner declared that he placed his federal application in the prison mailing system on December 7, 2020. Rec. Doc. 6, p. 18.
[20] Rec. Doc. 10.

**Exhaustion**

The State claims that Crochet failed to exhaust his claims because (1) he did not raise his sufficiency of the evidence claim related to his conviction for possession with intent to distribute before the Louisiana Supreme Court on direct appeal; (2) he failed to properly file a writ application with the Louisiana First Circuit after the state district court denied his application for post-conviction relief; (3) he failed to raise his Miranda and Brady claims to any state court; and (4) he failed to present his ineffective assistance of counsel claims to both the state district court and the Louisiana First Circuit.  The State further argues that the asserted claims are procedurally barred because petitioner no longer has the opportunity to present his unexhausted claims to the state courts.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role 'in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner 'must have fairly presented the substance of his claim to the state courts.' " Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001). That requirement applies *to all levels of review* in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "each appropriate state court (*including a state supreme court with powers of discretionary review*)." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in order to exhaust fully, the substance of the federal habeas claim must be fairly presented to the State's highest court. See Whitehead v. Johnson, 157 F.3d at 387 (citing Picard v. Connor, 404 U.S. 270, 275–78 (1971)). In Louisiana, the highest state court is the Supreme Court of Louisiana. See La. Const. art. V, § 5(A). Applying those guiding principles, it is clear that all the claims in petitioner's federal applications are unexhausted for the following reasons.

In this case, Crochet raised the issue of insufficient evidence to support his conviction for possession with the intent to distribute marijuana in his direct appeal to the Louisiana First Circuit. The claim was found to be without merit.[21] Crochet did not file a writ application with the Louisiana Supreme Court. While Crochet appears to claim in his petition that insufficient evidence supported his drug conviction, he did not give the Louisiana Supreme Court an opportunity to review this part of first federal habeas claim. Because petitioner abandoned his sufficiency of the evidence claim as to his marijuana conviction in the state courts before presenting it to the Louisiana Supreme Court, that portion of the claim is unexhausted.

---

[21] Crochet, 2019 WL 6045348, at *3-4; State Rec. Vol. 7 of 7.

6

Crochet did not challenge on direct appeal the sufficiency of the evidence to support his convictions on fifty counts of pornography involving juveniles. Rather, he raised the claim in his application for post-conviction relief. The state district court found the claim procedurally barred under La. Code Crim P. art 930.4(C) for failure to assert the claim on direct appeal.[22] Crochet then bypassed the Louisiana First Circuit and the Louisiana Supreme Court refused to consider his writ application as it was procedurally improper.[23] Although Crochet thereafter filing writ applications with the Louisiana First Circuit, neither was filed in a procedurally proper manner and his claims were *not* considered.[24] Therefore, this portion of claim one is also unexhausted.

Crochet did not raise any claim of ineffective assistance of counsel in his application for post-conviction relief. Rather, the first time Crochet raised his ineffective assistance of counsel claims was in his construed writ application to the Louisiana Supreme Court, which he filed before he filed a writ application to the Louisiana First Circuit. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Further, the Louisiana Supreme Court found the writ application procedurally improper La. S. Ct. R. X § 5(b), and his claims were *not* considered.[25] Again, the Louisiana First Circuit found both of his subsequently filed writ applications procedurally improper and did not consider his claims.[26]

Crochet did not fairly present his Miranda or Brady claims to *any* state court before he filed his habeas petition. Rather, the first time he raised either claim was in his federal petition seeking

---

[22] State Rec., Vol. 7 of 7, Judgment, 11/13/20.
[23] Crochet, 312 So. 3d at 268; State Rec. Supp. Vol 1 of 2.
[24] Crochet, 2021 WL 3260830, at *1; State Rec. Supp. Vol. 2 of 2; Crochet, 2021 WL 6331499, at *1.
[25] Crochet, 312 So. 3d 268 (La. 2021); State Rec. Supp. Vol 1 of 2.
[26] Crochet, 2021 WL 3260830, at *1; State Rec. Supp. Vol. 2 of 2; Crochet, 2021 WL 6331499, at *1.

7

habeas corpus relief. While he alleged Brady violations in his July 21, 2021 writ application to the Louisiana Supreme Court, Louisiana Supreme Court found Crochet's writ application procedurally improper and did not consider his claims.[27] Nor did the Louisiana First Circuit consider the claims in his procedurally improper writ applications filed with the court.[28] Accordingly, all of petitioner's claims should be dismissed with prejudice on the foregoing bases.

Further, as the State notes in its response, Crochet's failure to exhaust his claims in state court presents an additional problem and basis for dismissal of his federal habeas claims, i.e., a procedural bar in federal court. If, as is the case here, a "prisoner fail[ed] to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," then the claims are likewise considered defaulted in federal court. Nobles v. Johnson, 127 F.3d at 420 (internal quotation marks omitted).

At this juncture, any new attempt by Crochet to exhaust his sufficiency of the evidence claim as it relates to his conviction for possession with intent to distribute marijuana would be rejected by the state courts on procedural grounds. If petitioner now seeks to file a writ application with the Louisiana Supreme Court on the November 15, 2019 ruling of the Louisiana First Circuit Court of Appeal, that writ application would be dismissed as untimely. See Louisiana Supreme Court Rule X, § 5(a).[29]

---

[27] Crochet, 330 So. 3d at 626; State Rec. Supp. Vol. 2 of 2.
[28] Crochet, 2021 WL 3260830, at *1; State Rec. Supp. Vol. 2 of 2; Crochet, 2021 WL 6331499, at *1.
[29] That Rule states:

> *An application seeking to review a judgment of the court of appeal* either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or *after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal*; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty

Similarly, any attempt to exhaust his sufficiency of evidence claims raised in his application for post-conviction relief related to the pornography convictions would similarly be rejected on procedural grounds. Notably, the Louisiana First Circuit instructed Crochet to file a new writ application by September 27, 2021.[30] While Crochet indeed filed a new writ application, he again failed to do so in a procedurally proper manner, and, as a result, the Louisiana First Circuit denied that application.[31]

If Crochet instead attempted to file an entirely new state post-conviction application reasserting the sufficiency of the evidence claim as to all of his convictions, as well as his Brady, Miranda and ineffective assistance of counsel claims, the application would be denied as both repetitive under La. Code Crim. P. article 930.4[32] and untimely under La. Code Crim. P. art. 930.8.[33] See, e.g., State ex rel. Edwards v. State, 226 So. 3d 446 (La. 2017).

A federal habeas petitioner may be afforded federal review of a procedurally defaulted claim only if he demonstrates "cause" for his default and "prejudice attributed thereto," or that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997) (citing Coleman v. Thompson, 501

---

    days of the mailing of the notice of denial of rehearing or the judgment on rehearing. *No extension of time therefor will be granted.*

Louisiana Supreme Court Rule X, § 5(a) (emphasis added).
[30] Crochet, 2021 WL 3260830, at *1; State Rec. Supp. Vol. 2 of 2.
[31] Crochet, 2021 WL 6331499, at *1.
[32] In pertinent part, that article provides:

    B. If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court shall deny relief.
    ....
    D. A successive application shall be dismissed if it fails to raise a new or different claim.

La. Code Crim. P. article 930.4.
[33] Article 930.8 generally requires that a petitioner file his post-conviction within two years of the date on which his conviction and sentence became final. Although there are exceptions provided in the article, those exceptions to do not appear to be applicable to petitioner's claims.

U.S. 722, 731–32 (1991)); Amos v. Scott, 61 F.3d 333, 338–39 (citing Harris v. Reed, 489 U.S. 255, 262 (1989) and Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). "To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

Here, Crochet has made no effort to establish cause for his failure to properly pursue the defaulted claims in the Louisiana state courts. Courts are clear that ignorance of the procedural rules governing filing does not suffice as cause. See Saahir v. Collins, 956 F.2d 115, 118 (5th Cir. 1992). Crochet's pro se status also does not excuse his failure to exhaust. White v. Lea, Civ. Action No. 14–1782, 2015 WL 222360, at *5 (E.D. La. Jan. 14, 2015) (citing Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) and Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir. 2007)); Messick v. Cain, Civ. Action No. 12–2945, at *14 (E.D. La. Dec. 29, 2014), certificate of appealability denied, No. 15-30035 (5th Cir. Oct. 7, 2015).

This Court's review of the record does not reveal any external factors which prevented petitioner from raising the asserted claims in a procedurally proper manner or that any action or inaction on the part of the state prevented him from doing so. "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n. 43); Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996) ("[a]bsent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice.").

Because Crochet has not met the "cause and prejudice" test, his claims are barred from federal review unless the application of the procedural bar would result in a "fundamental miscarriage of justice." In order to establish that there would be a "fundamental miscarriage of

justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). However, the United States Supreme Court has cautioned:

> To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). In this case, Crochet has presented no new evidence of innocence, much less any new evidence of the type or caliber referenced in Schlup. Therefore, he has not established that any miscarriage of justice will result from the application of the procedural bar.

For these reasons, all of the claims asserted herein should be dismissed with prejudice as procedurally barred.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Donald Crochet be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n,

79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[34]

    New Orleans, Louisiana, this  4th  day of October, 2022.

                                                 *Dana M. Douglas*

                                      **DANA M. DOUGLAS**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[34] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.